DAVID E. GRALNEK AND BARBARA C. GRALNEK, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Gralnek v. Commissioner
Docket Nos. 14467-85; 37361-85; 16974-86
United States Tax Court
T.C. Memo 1990-46; 1990 Tax Ct. Memo LEXIS 46; 58 T.C.M. (CCH) 1309; T.C.M. (RIA) 90046; January 25, 1990
Stephen E. Silver, Brad S. Ostroff, Arthur P. Allsworth, and Robert J. Lord, for the petitioners. David W. Otto, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This matter is before the Court on petitioners' motion for reconsideration of our opinion filed August 16, 1989, , and respondent's response to petitioners' motion for reconsideration. In that opinion we decided, among other things, that the entity known as Baillie Associates, Inc. (BAI) should be disregarded for purposes of determining whether petitioners were "at risk" in the transactions at issue for purposes of section 465. [2] The facts as found in are incorporated by this reference. *47 The granting of a motion for reconsideration rests within the discretion of the Court. . Motions for reconsideration will not be granted unless unusual circumstances or substantial error is shown. Petitioners contend that our in opinion , compels the conclusion that the participation of BAI in the equipment leasing transactions at issue should be respected for purposes of the "at risk" rules notwithstanding our conclusion that BAI's participation served no business purpose. Petitioners further contend that the presence of BAI in the sale and leaseback transactions had economic substance independent of any nontax business purpose and that as a result the participation of BAI should be respected for purposes of the "at risk" rules. This case was tried and briefed solely on the question of whether BAI served a valid business purpose. Petitioners' contention that the participation of BAI in the sale and leaseback transactions had economic substance for purposes of the "at risk" rules even though BAI *48 had no valid business purpose is a new theory not advanced by petitioners prior to this motion. We deny petitioners' motion for reconsideration for the following reasons: (1) petitioners are bound by the concessions that their counsel made at trial; (2) petitioners' motion for reconsideration is based on a new legal theory not raised in the pleadings or at trial; (3) our holding on the "at risk" issue was correct and supported by ample precedent; and (4) the case cited by petitioners, , was considered in our original opinion and does not support petitioners. (1) CONCESSIONS OF COUNSEL ARE BINDING
Petitioners' trial counsel conceded at trial that if BAI "served no commercial reason BAI could be dropped from the transaction and petitioners would not be at risk under section 465." We quoted this concession in our original opinion. Concessions on the record are considered the equivalent of stipulations. , affd. . Petitioners are bound by their stipulations. Church of Scientology of California v. Commissioner, 83 T.C. at 524. *49 The concession in this case has been relied upon by the Court and the parties. Petitioners do not contest our conclusion that BAI served no valid business purpose in the computer sale and leaseback transactions at issue. Petitioners are bound by the concession that if BAI served no valid business purpose, petitioners were not at risk under section 465. Accordingly, petitioners' counsel's concession resolves the "at risk" issue. (2) NEW ISSUE
The distinction between business purpose and economic substance raised by petitioners is a new theory that was not advanced at any point prior to petitioners' motion for reconsideration. It is the Court's policy to try all issues raised in a case in one proceeding and in most cases reconsideration of proceedings already disposed of by opinion are not permitted unless there is substantial error or unusual circumstances. , affd. on this issue . In justice to both parties, the new theory raised by petitioners cannot properly be considered at this stage of the litigation. The parties have not had an opportunity to fully *50 present their views on the theory presented by petitioners in their motion for reconsideration. Accordingly, we will not at this stage consider the new theory raised by petitioners. (3) CORRECT RESULT
Our holding on the "at risk" issue was correct. We found that "BAI's insertion into the leasing transactions was merely 'window dressing,' solely serving tax-motivated purposes." We further found that "BAI was made an intermediary party to the transactions as a facade to provide 'at risk' status for investors who would not be truly at risk due to the nonrecourse status of the intermediary." Consequently, we disregarded BAI's presence in the leasing transaction. This Court may recast transactions to accord with what the Court perceives to be the "reality of the situation." , affd. . In this context, we properly recast the transaction, recognizing the debt to be valid, but correctly perceiving the true lender to be Systems Marketing, Inc. BAI was mere "window dressing." BAI had no assets, was a shell, and clearly lacked the wherewithal to lend to the partnerships. Under *51 similar facts, we have disallowed "at risk" status to other taxpayers. . (4) VAN ROEKEL v. COMMISSIONER DOES NOT SUPPORT PETITIONERS
Petitioners cite , as supporting the proposition that participation of a middleman must be respected for "at risk" purposes even though the middleman is held to have no valid business purpose. In Van Roekel, we concluded that the middleman served no valid business purpose and was mere "window dressing" to enable the investors to avoid the "at risk" rules. Van Roekel contained three "at risk" issues -- first, whether the debt was bona fide; second, whether the investor was protected against loss; and, finally, whether the true lender was a party with a prohibited interest. We concluded in Van Roekel, as we did in this case, that the debt itself was valid but that the investor was protected against loss. In Van Roekel, we did not reach the issue of whether the true lender was a party with a prohibited interest. We considered Van Roekel in our original opinion in this case. However, Van Roekel does not support *52 petitioners' contention that the participation of the middleman must be respected for "at risk" purposes even though the middleman is held to have no valid business purpose. In accordance with the foregoing, petitioners' motion for reconsideration will be denied. An appropriate order will be issued. Footnotes
1. The cases of James L. and Janet M. Schamadan, docket No. 37361-85, and Ray Z. and Linda K. Franks, docket No. 16974-86, are consolidated herewith.↩
2. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue.↩